**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **YASMANY ESTRADA PERDIGON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-949-R** |
| ) | |
| **CHRIS GANTT, Warden,**[1] **et al.,** ) | |
| ) | |
| **Respondents.** ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Yasmany Estrada Perdigon, a noncitizen[2] and Cuban national proceeding

pro se, filed a Petition for Writ of Habeas Corpus and Memorandum in Support (together,

the "Petition"), Docs. 1 and 2, challenging under 28 U.S.C. § 2241 his detention by U.S.

Immigration and Customs Enforcement ("ICE"). United States District Judge David L.

Russell referred this matter to the undersigned Magistrate Judge in accordance with 28

U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule,

Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned

recommends the Court grant the Petition, Docs. 1 and 2, in part and order Respondents to

release Petitioner immediately subject to an appropriate order of supervision.

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.      <u>Background</u>

Petitioner, a citizen of Cuba, entered the United States at some point before his detention by ICE.  Neither party alleges whether he entered without inspection or if he was encountered and detained at the border.  The undersigned presumes at some point after Petitioner entered the country, ICE placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear.  It is unclear from the record what charges ICE brought against Petitioner and on what basis of inadmissibility or deportability Respondents are seeking to remove him.

On November 24, 2025, ICE detained Petitioner.  Pet. at 4.  Petitioner alleges he "was detained by local law enforcement after his truck broke down while working" and was subsequently transferred to ICE custody.  *Id.* at 6.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 1.  Petitioner requested a bond hearing before an Immigration Judge ("IJ"), which was denied on January 6, 2026, because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  Doc. 1-1 at 3 (January IJ Bond Order denying bond).  However, "in the alternative, and after hearing and considering the totality of evidence before the Court," the IJ denied bond based on a finding that Petitioner "presents a flight risk." *Id.*  On March 19, 2026, Petitioner received a second bond hearing where the IJ again denied bond "based on lack of jurisdiction" and a finding that Petitioner is a flight risk.  Doc. 1-1 at 1 (March IJ Order denying bond).

On April 1, 2026, an Immigration Judge ("IJ") denied Petitioner's asylum application and ordered him removed to Ecuador.  Doc. 1-1 at 5 (IJ Order Ordering

Removal).  However, on April 17, 2026, Petitioner appealed the removal order to the Board

of Immigration Appeals, and the appeal is currently pending.  *See* EOIR, Automated Case

Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 9, 2026).  Therefore, the

removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility

in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee

Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 9, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Unlawful Immigration Detention Without Legal Justification.**  Petitioner alleges his immigration detention is unlawful and without justification where he was not arrested pursuant to a warrant and the arresting officer did not explain the reason for his arrest.  Pet. at 6.

- **Count II: Violation of Due Process**.  Petitioner alleges he was not given a meaningful opportunity to challenge his detention, and bond was denied without adequate consideration of his lack of criminal history and strong family ties in the United States.  *Id*.

- **Count III**: **Prolonged and Unjustified Detention.**  Petitioner alleges his continued detention is excessive and unjustified where he has no criminal record and does not represent a danger to the community.  *Id*.

He asks the Court to "order [his] immediate release from immigration detention," or

alternatively, order a "[bond] hearing before a neutral decision maker." *Id*. at 7

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in

violation of the Constitution or laws or treaties of the United States."   28 U.S.C.

§ 2241(c)(3).  "Challenges to immigration detention are properly brought directly through

3

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

IV.   <u>Analysis</u>

   A.   **Section 1226(a) applies to Petitioner's detention.**

The two sections of the Immigration and Nationality Act ("INA") at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained."  If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed, Petitioner alleges his continued detention is unlawful and violates the INA where he was not given a meaningful opportunity to challenge his detention.  Pet. at 6.  While Petitioner does not allege whether this is the first time he has been detained by ICE or if he had previously been released and has now been re-detained, the undersigned understands Petitioner to have been detained within the United States and not at the border.  *See* Pet. at 6 (alleging he "was detained by local law enforcement after

4

his truck broke down while working"). Respondents, however, maintain Petitioner is properly detained under § 1225(b)(2)(A), but acknowledge that this Court has held differently. Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner who are found in the country. *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141, at *1 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

---

[3] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied

**B.      Petitioner's warrantless arrest violated the INA, and the proper remedy is release.**

Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). Petitioner alleges his immigration detention is unlawful and without justification because he was not arrested pursuant to a warrant. Pet. at 6. Respondents do not allege Petitioner was properly arrested "on a warrant"; nor do they provide a copy of any warrant in connection with Petitioner's arrest. Rather, Respondents fail to address Petitioner's claim that he was arrested without a warrant at all.

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Sergio P. v. Bondi*, No. 26-CV-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified). Here, there is no evidence in the record of any properly issued warrant for Petitioner's arrest. Respondents' failure to rebut Petitioner's allegation that no warrant was issued for his arrest leads the undersigned to conclude that no such warrant existed. Petitioner was therefore improperly detained pursuant to § 1226(a), and his detention was unlawful from the moment it began. Accordingly, the Court should grant Petitioner immediate release, subject to any appropriate order of supervision. *See, e.g.*, *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-

---

§ 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release "subject to an appropriate Order of Supervision" for a noncitizen who had been detained under § 1226(a) where his "arrest was warrantless"); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026) (recommending immediate release for a noncitizen detained under § 1226(a) where no warrant was issued for his arrest), *adopted*, No. CIV-26-43-J, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026).

Other courts outside this District have similarly ruled.  *See, e.g.*, *Canedo-Luna v. Valdez*, No. 26-CV-02094, 2026 WL 1753563, at *4 (D. Colo. June 18, 2026) (citing Judge Jones' order in *Singh* and ordering immediate release under § 1226(a) for a similarly situated petitioner who "clearly alleges circumstances surrounding her arrest, which render the existence of a warrant highly unlikely," and "Respondents have not controverted any of these allegations"); *Djiwaje v. Bondi*, No. 26-CV-00344, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026) (citing Judge Jones' order in *Singh* and ordering immediate release after finding no lawful administrative warrant had been issued for petitioner's arrest under § 1226(a)); *Laura E.P.G. v. Bondi*, No. 26-560, 2026 WL 242266, at *1 (D. Minn. Jan. 29, 2026) ("Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a) . . . the appropriate remedy is release from custody."); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. Sep. 21, 2025) ("To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant. Since the Government did not comply with the plain language of section 1226(a), their immediate release is justified.").

**C.**     **The Court should decline to address Petitioner's due process claims.**

Petitioner also alleges his detention is so prolonged that it violates his due process and that he was not given a meaningful opportunity to challenge his detention.  Pet. at 6. While "the Supreme Court has rejected facial challenges to mandatory detention under § 1226(c)," in *Demore v. Kim*, 538 U.S. 510 (2003), "noncitizens detained under § 1226(c) may, in some circumstances, bring as-applied Due Process challenges to their prolonged detentions."  *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *1-2 (W.D. Okla. June 5, 2026).  However, if the Court adopts the undersigned's recommendation and orders Petitioner's release because he was not arrested pursuant to a warrant, the Court should decline to decide the merits of Petitioner's due process claim based on his continued detention.  *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[4]

**V.**     **Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to release Petitioner immediately, subject to an appropriate order of supervision.  The parties are advised of

---

[4] At most, Petitioner's due process claims based on his continued detention may entitle him to a bond hearing pursuant to § 1226(a).  *See Hernandez*, 2026 WL 1625669, at *3 (holding by this Court that due process entitles a noncitizen to a bond hearing based on prolonged detention).  However, Petitioner has already received a bond hearing.  Doc. 1-1 at 1 (IJ Order denying bond based on Petitioner's flight risk).  The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community, *see* 8 C.F.R. § 236.1(c), and "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond," *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

8

their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 16, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 21, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9