**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YASMANY ESTRADA PERDIGON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-949-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting his detention by U.S. Immigration and Customs Enforcement is unlawful for various reasons. As relief, he seeks his immediate release from custody. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 13] recommending this Court grant in part Petitioner's Petition and order his immediate release subject to an order of supervision because Petitioner was unlawfully arrested without a warrant. Respondents filed an Objection [Doc. No. 14], triggering de novo review of those portions of the Report to which a specific objection is made.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents acknowledge that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter and dictates that

[1] Petitioner did not file an Objection to the Report or a response to the Government's Objection.

§ 1226(a) governs Petitioner's detention.[2] The Court agrees with Judge Stephens's finding that Petitioner's detention is pursuant to § 1226(a).

The proper remedy for individuals detained pursuant to § 1226(a) is an individualized bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."). However, Judge Stephens recommends that because Petitioner was arrested without a warrant, his immediate release is the proper remedy. *See Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026).

Respondents object, arguing this Court lacks habeas jurisdiction over the legality of Petitioner's initial arrest. Other district courts across the country have addressed this issue. *See, e.g.*, *Salazar v. Noem*, 4:26-CV-3045, 2026 WL 458304, at *4 (D. Neb. Feb. 18, 2026):

> Generally speaking, an unlawful warrantless arrest isn't a get-out-of-jail-free card if a lawful basis to detain someone is subsequently established. *Cf. Mastrian v. McManus*, 554 F.2d 813, 820 (8th Cir. 1977); *McDonald v. Arkansas*, 501 F.2d 385, 388 (8th Cir. 1974). The Supreme Court has explained, in the context of a habeas challenge to immigration detention, that
>
> "[i]rregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law. A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or

[2] Respondents state they do not waive appellate review or concede *Quiroz* was correctly decided.

> commitment." *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (quotations omitted).
>
> In this case, the operative petition contains assertion after assertion about the illegality of an initial warrantless detention, the unlawfulness of mandatory detention, the requirement of a bond hearing, and the need for that bond hearing to provide an individualized determination regarding the petitioner's dangerousness and flight risk. . . . The solution to all of that was a statutory bond hearing.

*See also Tejada v. Powell*, No. 7:26-cv-01111-MHH-NAD, 2026 WL 2240991, at *2 (N.D. Ala. July 29, 2026) ("[I]f the Court were to order Mr. Tejada's release based on the procedural flaw in the initial arrest, ICE would simply re-arrest Mr. Tejada using the existing arrest warrant."); *Tawil v. Cardinal*, No. 26-cv-22521-BLOOM, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026) ("First, habeas is not a vehicle to address defects in an initial arrest; it exists to assess whether a current detention is unlawful. . . . In other words, if the government has lawful grounds to detain Petitioner pending his removal, he is not entitled to habeas relief based on a defective arrest.") (quotation and citations omitted).

The Court finds the reasoning of its sister courts persuasive. Given that a warrant and NTA have been issued and Petitioner has received not one but two bond hearings, the Court finds Petitioner's warrantless arrest does not merit his immediate release. And given that (1) Petitioner has already had a bond hearing and (2) on the present record, the Court is unable to conclude that the bond hearing was conducted in a manner that was

constitutionally defective or in violation of Petitioner's due process rights, Petitioner's alternative request for a bond hearing is DENIED.[3]

Petitioner has failed to object to any portion of the Report and thus waives this Court's further de novo review of Judge Stephens's findings.

Accordingly, though the Court ADOPTS Judge Stephens's finding that Petitioner is detained subject to 8 U.S.C. § 1226(a), to the extent the Report and Recommendation recommends Petitioner's immediate release from custody, it is DENIED. Petitioner's Petition for Writ of Habeas Corpus is therefore DENIED.

IT IS SO ORDERED this 19th day of August, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[3] Judge Stephens recommends this Court decline to consider the merits of Petitioner's due process claims if it orders Petitioner's immediate release. However, Judge Stephens also indicates that in any event, the most Petitioner's due process claims may entitle him to is a bond hearing pursuant to § 1226(a)—something Judge Stephens notes Petitioner has already received. This Court does not have jurisdiction to second guess the IJ's discretionary decision regarding the denial of bond. *See Cruz v. Mullin*, No. 26-CV-00312-PAB-NRN, 2026 WL 1020491, at *2 (D. Colo. Apr. 15, 2026); *Mwangi v. Terry,* 465 F. App'x 784, 786-87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction."). Petitioner did not file an Objection and waives this Court's de novo review of this finding. In the absence of persuasive argument or authority to the contrary, the Court agrees with Judge Stephens and will decline to further engage with Petitioner's due process claims.