**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YASMANY ESTRADA PERDIGON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-949-R** |
| | ) | |
| **CHRIS GANTT, Warden, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Mr. Estrada-Perdigon once again asks the Court to Reconsider [Doc. No. 21] its prior Order [Doc. No. 15] ruling that he wasn't entitled to habeas relief under 28 U.S.C. § 2241 since he'd already had a bond hearing. The Court DENIES the Motion.

Though it may reconsider a prior order for a number of reasons, *see* FED. R. CIV. P. 60(b), the Court declines to do so here. To the extent Mr. Estrada-Perdigon raises issues the Court previously addressed in its prior orders, the Court DENIES his Motion. Doc. Nos. 15 and 20. But Mr. Estrada-Perdigon raises at least two new arguments:

- ICE has unlawfully prolonged his detention—now closing in on one year, and
- Despite his Cuban nationality, ICE has already tried to remove him to Mexico, and he fears ultimate removal to a third country.

Neither argument, yet, carries weight.

First, despite his nearly year-long detention, an Immigration Judge ordered Mr. Estrada-Perdigon's removal from the United States, and that order became final on September 25th of this year when the BIA dismissed his appeal. Doc. No. 20 at 2; *See Hamilton v. Gonzales*, 485 F.3d 564, 565–66 (10th Cir. 2007) ("An order of removal

becomes final when the BIA either (1) affirms an immigration judge's removal decision, or (2) when the time for appealing that decision has expired."). Two things happened as a result of this decision: (1) Mr. Estrada-Perdigon's detention is now mandatory for 90 days from September 25th, 8 U.S.C. § 1231(a)(1)(A), and (2) Mr. Estrada-Perdigon's detention is presumed reasonable for six months after the same date to allow Respondents to effectuate his removal, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Mr. Estrada-Perdigon's six month reasonableness period will expire next March. Until then, any claim for prolonged detention is premature, but he is free to Petition the Court again should his detention reach that point.

Second, although the Tenth Circuit hasn't addressed this issue, other circuits have declined to order stays of removal to third countries based on the Supreme Court's preliminary ruling in *Dept. of Homeland Sec. v. D.V.D.* No. 26-426, 2026 WL 2917860, at *1 (U.S. Sept. 29, 2026). *Ojukwu v. Lyons*, No. 26-3891, 2026 WL 3032742, at *1 (6th Cir. Oct. 9, 2026). So this argument too must fail, at this time. Depending on the Supreme Court's ultimate decision on the third-country-removal issue, Mr. Estrada-Perdigon may Petition the Court again at the appropriate time.

Accordingly, the Court DENIES Mr. Estrada-Perdigon's Motion.

IT IS SO ORDERED this 19th day of November 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**